IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BONDARY MCCALL,
REG. #43827-019                                                                                          PLAINTIFF

v.                                              4:10CV00244JMM

JOE J. VOLPE, et al.                                                                                   DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiff, a federal inmate, has been granted leave to proceed in forma pauperis in this federal civil rights action.

**I. Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing pro se, his

complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 1950, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 545-46.

## II. Analysis

The Court's role is to impartially interpret and apply the law when parties have a dispute. Before the dispute can be addressed, the issue must be properly framed for adjudication.  Often, pro se litigants are without the proper legal training to properly frame the arguments in their complaint. It is not this Court's role to assist a plaintiff in litigating his case and this Court will summarily dismiss those cases that are without merit or without sufficient legal underpinning.  Nevertheless, all people have a constitutional right to access the courts and this Court will try to fairly steer a pro se plaintiff to meet the pleading standards outlined in the Federal Rules of Civil Procedure.  Such is the case here.

Plaintiff names as defendants in his complaint a United States District Judge and a United States Magistrate Judge, and complains about the disposition of two prior cases filed in this Court.

Plaintiff asks that he be awarded monetary relief based on the defendants' actions which prevented his cases from proceeding to trial.

Initially, the Court notes that plaintiff's remedy for the dismissals of his prior lawsuits is to file an appeal in each of those cases to the Eighth Circuit Court of Appeals. Furthermore, the defendant district judge and magistrate judge are immune from suit under § 1983 for actions taken in their role as federal judges. Howell v. Hofbauer, 123 F.Supp.2d 1178 (N.D. Iowa 2000).

### III. Conclusion

In conclusion, the Court finds that plaintiff's complaint against defendants should be dismissed with prejudice for failure to state a claim. The Court further considers this dismissal as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED for failure to state a claim.

The Court also certifies that any in forma pauperis appeal taken from an Order and Judgment dismissing this action is considered frivolous and not in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 19th day of May, 2010.

_____
United States District Judge